**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JUSTIN WOODEN,                                                                                    PLAINTIFF
ADC #139811

v.                                         Case No. 5:10CV00028 JLH

SGT. FORD, Varner Super Max,
Arkansas Department of Correction                                              DEFENDANT

## ORDER

On February 19, 2010, and on March 24, 2010, this Court entered orders denying Wooden's

motions to proceed *in forma pauperis*, and directing Wooden to pay the $350 filing fee or file an

application to proceed *in forma pauperis*, supported by the necessary financial information.  The

Court informed the Wooden that failure to file the *in forma pauperis* application would result in

dismissal of the case without prejudice.  Wooden then filed a motion for appointment of counsel,

which the Court denied by order dated April 15, 2010.  In the April 15 order, the Court directed the

Wooden to file his *in forma pauperis* application within 10 days.  On May 19, 2010, the Wooden

still had not complied with any of the Orders directing him to file an *in forma pauperis* application.

The Court therefore dismissed the complaint without prejudice pursuant to Local Rule 5.5(c)(2).

On June 24, 2010, the Wooden filed a document that has been docketed as a motion for

reconsideration.  He also filed on that date an application to proceed *in forma pauperis*.  The Court

will consider these filings as a motion to alter or amend the judgment pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure.  Such a motion must be filed no later than 28 days after the entry

of the judgment.  As noted, the judgment here was entered on May 19, 2010.  The motion for

reconsideration and the motion for leave to proceed *in forma pauperis* were filed on June 24, 2010,

which is more than 28 days later.  It is possible, however, that the motions were timely filed pursuant to the prison mailbox rule, which applies to Rule 59(e) motions.  *Beck v. Bowersox*, 362 F.3d 1095, 1098 n.2 (8th Cir. 2004); *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995).  Wooden bears the burden of showing entitlement to the benefit of the mailbox rule.  *Porchia v. Norris*, 251 F.3d 1196 (8th Cir. 2001).  Wooden has made no such showing.

Nevertheless, rather than rest this decision on an uncertainty as to when Wooden placed his motion in the prison's mail system, the Court will address the merits.  As noted above, the Court entered orders on February 19, 2010, March 24, 2010, and April 15, 2010, directing Wooden to submit an application to proceed *in forma pauperis*.  The first order directed that he do so within 30 days; the second directed that he do so within 15 days; and the third directed that he do so within 10 days.  Even though the third order directed Wooden to file his application within 10 days, the Court waited more than 30 days before dismissing the case.  Wooden did not respond to that order within 30 days.  Altogether, 89 days expired between the first order and the dismissal.  Wooden has offered no explanation for his failure to respond to the Court's orders.  His motions are therefore denied. Documents #16 and #17.

IT IS SO ORDERED this 25th day of June, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE